IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE CAMPBELL and PATRICE GREEN, | CIV F 05-1499 FVS DLB |
| Plaintiff(s), | ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |
| v. | |
| BRIDGSTONE/FIRESTONE, INC., et al., | |
| Defendant(s). | |

On January 7, 2006, plaintiffs, filed the present Motion to Remand. The motion was heard on March 10, 2006 before the undersigned. Steven O'Reilly appeared for plaintiffs, Brendan M. Ford appeared for defendant Ford Motor Company and Mary P. Lightfoot appeared for defendant Bridgestone Firestone North American Tire.

## **BACKGROUND**

Nicole Campbell and Patrice Green ("plaintiffs") filed the instant products liability action on September 19, 2005 in the Kern County Superior Court against Bridgestone/Firestone, Inc., et al. ("defendants") alleging numerous claims for relief arising out of a single vehicle rollover accident involving a 2001 Ford Explorer equipped with Firestone tires.

1

On November 22, 2005, defendant Ford Motor Company ("Ford") removed the case to this Court on diversity grounds.[1] In the present motion, plaintiff seeks an order remanding this action to the Kern County Superior Court on the ground that defendants have not proven facts by a preponderance that the amount in controversy as to each plaintiff's claim is in excess of $75,000.00 and therefore diversity does not exist and the District Court is without jurisdiction.

On February 20, 2006, Ford filed an opposition to plaintiffs' motion arguing that the amount in controversy is facially apparent from the complaint, the underlying facts support removal and plaintiffs' counsel has made statements that confirm the case is in the proper jurisdiction. On February 21, 2006, defendant Bridgestone filed a joinder in Ford's opposition.

## **DISCUSSION**

28 U.S.C. Section 1332(a) provides for federal jurisdiction based on diversity of citizenship:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>   **(1)** citizens of different States;
>   **(2)** citizens of a State and citizens or subjects of a foreign state;
>   **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>   **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28. U.S.C. § 1332(a).

A civil action originally filed in a State court which could have been commenced in federal court based on diversity jurisdiction may be removed from state court to U.S. District Court on this ground. 28 U.S.C. § 1441(b).

---

[1] On December 6, 2005 Bridgestone/Firestone filed a Notice of a Related case and the MDL Panel issued a Conditional Transfer Order on January 4, 2006. The parties are currently awaiting notice regarding the transfer.

The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-348 (1977). The United States Supreme Court has held that "(w)here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount" for diversity jurisdiction. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S.Ct. 5, 6 (1943).

Where a state court complaint is silent as to the amount of damages sought by plaintiff, defendant must allege and bears the burden of proof by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992).

In determining whether the amount in controversy is proper for diversity jurisdiction, the Ninth Circuit has " . . . endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.* 319 F.3d 1089, 1090 (9th Cir. 2003); citing *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (9th Cir. 1995)).

In cases involving multiple plaintiffs, the removing defendant need only show that one of the plaintiffs has an amount in controversy greater than $75,000.00. *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S.Ct. 2611, 2615 (2005)[where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount in controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs

in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount.]

Here, there is no dispute that complete diversity of citizenship exists between plaintiffs and defendants.  However, as stated above, in addition to diversity of citizenship, it must be ascertainable at the time of removal that the amount in controversy exceeds $75,000.00.  Plaintiff argues defendants have failed to carry their burden to show damages exceeding $75,000.00 and therefore this action should be remanded to state court.

In support of removal jurisdiction, defendants point to the complaint which states that this action is "an unlimited case" (exceeds $25,000); plaintiffs are asserting strict products liability, negligence, and breach of warranty claims against both Ford and Firestone; and the complaint seeks compensatory damages for wage loss, loss of use of property, hospital and medical expenses, general damage, property damage and lose of earning capacity.  Defendants argue the asserted damages make it facially apparent that the amount in controversy exceeds $75,000.00.  Defendants also point to the Traffic Collision Report ("TCR") in which the investigating officer marked "severe injury" for both plaintiffs.  The TCR goes on to describe Green's injuries as "head trauma, broken right arm, broken wrist, deep laceration to lower left leg."  Ms. Green was transported by air to Kern Medical Center and she was unable to provide a statement.  The TCR states that Cambpell suffered a "complaint of pain in chest, back, possible fractured collarbone and both arms possibly broken."  Defendants therefore argue that in addition to the facially apparent damage assertions, the underlying facts make it more likely than not that the amount in controversy is greater than $75,000.

Plaintiffs have provided no contrary evidence in support of their motion to remand.

4

Accordingly, the Court finds that defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 for purposes of diversity jurisdiction.

Additionally, plaintiff concedes that the jurisdictional amount is met as to plaintiff Green. Consequently, the Court may exercise supplemental jurisdiction over Campbell's claims pursuant to *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S.Ct. 2611, 2615 (2005). Federal Court's having original jurisdiction in a civil action can exercise "supplemental jurisdiction" over other claims so related to the original claim as to be part of the same constitutional case or controversy. *See* 28 U.S.C. § 1367(a). In *Exxon Mobil Corp. v. Allapattah Servs.*, 125 S.Ct. at 2614, the Supreme Court held that § 1367 permits the exercise of diversity jurisdiction over additional plaintiffs who fail to satisfy the minimum amount in controversy requirement, as long as other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the amount in controversy requirement. The Court stated:

> When a well-pleaded complaint has at least one claim satisfying the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. A court with original jurisdiction over a single claim in the complaint has original jurisdiction over a "civil action" under § 1367(a), even if that action comprises fewer claims than were included in the complaint. Once a court has original jurisdiction over the action, it can then decide whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over other claims in the action . . . The Court cannot accept the alternative view, or its supporting theories, that a district court lacks original jurisdiction over a civil action unless it has original jurisdiction over every claim in the complaint.

Pursuant to *Exxon*, this Court has original jurisdiction over this civil action and therefore it was properly removed pursuant to 28 U.S.C. § 1441.

5

Having read and considered the pleadings submitted in support of the present motion and having considered the arguments made at the hearing, the court finds that defendants have satisfied their burden of proving the requisite amount in controversy. Therefore, plaintiff's motion to remand removed action is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __March 17, 2006__                      _____/s/ Dennis L. Beck_____
3b142a                                                   UNITED STATES MAGISTRATE JUDGE